**Pamela CARVEL, as the Personal Representative and Executrix of the Estate of Agnes Carvel, Plaintiff,**

v.

**Betty GODLEY and Lawrence Newman, as Co–Trustees of The Agnes Carvel 1991 Trust, Defendants.**

**No. 98 Civ. 8786(CLB).**

United States District Court,
S.D. New York.

April 1, 1999.

Ronald J. Offenkrantz, Spitzer & Feldman P.C., New York City, for Pamela Carvel, Pamela Carvel, as the Personal Represebtative and Executrix of the Estate of Agnes Carvel, plaintiff.

Hal Neier, Friedman, Kaplan & Seiler LLP, New York City, for Betty Betty Godley and Lawrence Newman, as Co–Trustees of the Agnes Carvel 1991 Trust, defendant.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

This is not an April Fool joke. Counsel for Plaintiff has written (Doc. No. 8) to this Court "to request a conference with the Court to discuss the refusal of the defendant Trustees to pay the $1,000.00 filing fee required by the Surrogate's

Court [of Westchester County] for the petition to appoint an ancillary executor for the Estate of Agnes Carvel who would substitute as plaintiff in this action."

This Court declines the invitation to conduct a conference. Such a conference would require the attendance before this Court of at least four lawyers, and possibly more, some of whom are located in Manhattan. Their several time charges and disbursements for travel, attendance and participation in the requested conference would doubtless impose costs and expenses greatly in excess of the $1,000.00 item which appears to be in dispute. When the longstanding *Carvel* litigation in state and federal courts comes to an end, such fees and disbursements are likely to be a charge against one or more funds dedicated to be used for charitable purposes. Judges and lawyers should not squander their time and resources in the manner suggested.

We commend all counsel in this case to the decision of our distinguished colleague, the Hon. Milton Pollack, in *Browning v. Peyton,* 123 F.R.D. 75, 79 (S.D.N.Y.1988).

It is possible to spend an enormous amount of time on relatively and objectively trivial and inconsequential matters either through a failure to appreciate the overall place in the total engagement of a particular segment, or through lack of basic fundamental knowledge of the subject matter, or some other reason. Consequently, before the matter is allowed to sweep the costs out of proportion to the subject matter it is incumbent on counsel to discriminately select his activities consistent with the requirements of an engagement, but with a realistic awareness that a case may not be worth what the meter will tally up to if left to run without restraint.

This Court understands that the Surrogate of Westchester County has "full and complete general jurisdiction in law and equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." New York Surrogate's Court Procedure Act § 201, ¶ 3.

Section 209, ¶ 10 of the same statute gives the following power to the Surrogate's Court:

In the exercise of its jurisdiction, the court shall have all of the powers that the supreme court would have in like actions and proceedings including, but not limited to, such incidental powers as are necessary to carry into effect all powers expressly conferred herein.

Surely this broad grant of statutory power allows the Surrogate to determine who shall pay the disputed filing fee in his Court.

The letter is treated as some sort of a motion and denied, as an example of abusive persiflage of the sort which is destructive of wealth and brings the profession into public disrepute.

SO ORDERED.